```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
           NORTHERN DIVISION
```

| | |
|---|---|
| TREMONG KNIGHT, | : |
| Petitioner, | : |
| vs. | :     CIVIL ACTION 10-0296-CG-M |
| JAMES MULLINS, | : |
| Respondent. | : |

<u>REPORT AND RECOMMENDATION</u>

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent James Mullins and against Petitioner Tremong Knight pursuant to 28 U.S.C. § 2244(d). It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma*

1

*pauperis*.

Petitioner was convicted of murder in the Monroe County Circuit Court on August 23, 2006 for which he received a sentence of twenty-five years in the state penitentiary (Doc. 4; Doc. 10, Exhibit A, p. 5). Knight did not appeal his conviction (*see* Doc. 10, p. 1).

Petitioner filed a Rule 32 petition on February 28, 2007 (Doc. 10, Exhibit B, pp. 26-27; *see generally id.* at pp. 4-28). The petition was denied on July 11, 2007 (*id.* at pp. 71-73). The Alabama Court of Criminal Appeals affirmed the denial of the petition and, on October 14, 2009, issued a certificate of judgment (Doc. 10, Exhibits G, H). On April 16, 2010, Knight filed an application for rehearing, but it was struck as untimely (Doc. 10, Exhibits I, J). Petitioner then file a petition for *certiorari* which was struck by the Alabama Supreme Court as Knight had not properly sought rehearing with the lower appellate court (Doc. 10, Exhibits K, L).

Petitioner filed a complaint with this Court on June 8, 2010[1] raising the following claims: (1) His plea was not

---

[1] Respondent states that Petitioner did not file this complaint until June 21, 2010 (Doc. 20, p. 4). While Knight did not file a petition which was in the form this Court requires until that date (Doc. 4), Petitioner initiated this action on June 8, 2010 with the filing of an earlier § 2254 petition (Doc. 1).

2

voluntarily and knowingly made; (2) his trial attorney rendered ineffective assistance; (3) the State did not disclose evidence which was favorable to him; (4) through no fault of his own, he failed to file an appeal; (5) the trial court was without jurisdiction to accept his guilty plea; and (6) there was insufficient evidence to convict him (Doc. 4).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 10, pp. 5-10). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

3

Knight was sentenced on August 23, 2006. Petitioner had forty-two days to file an appeal under Ala.R.App.P. 4(b)(1).[2] Though he did not file an appeal, his opportunity to do so ended on October 4, 2006. The AEDPA clock, for purposes of filing a federal habeas petition, began to run the next day.

Petitioner's habeas corpus petition was not filed in this Court until June 8, 2010, well after the one-year period of limitations had expired. However, Knight had filed a Rule 32 petition in state court on February 28, 2007; this is 147 days after the AEDPA clock began to run. The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The state did not finish with Knight's Rule 32 until October 14, 2009, the day the certificate of judgment was entered (Doc. 10, Exhibit H).

On October 15, 2009,[3] the AEDPA clock began to run again and

---

[2]"In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)."

[3]Though Petitioner filed a motion for rehearing with the Alabama Court of Criminal Appeals and a petition for *certiorari* with the Alabama Supreme Court, they were improperly filed and do not toll the AEDPA clock.

ran for 236 days until June 8, 2010, the day this action was filed. When these 236 days are added to the 147 days that ran between Petitioner's conviction and the day he filed his Rule 32 petition, a total of 383 days passed before Knight filed this action.

Petitioner's habeas corpus petition was filed beyond the one-year limitations period and filed in violation of 28 U.S.C. § 2244(d). The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996 (Doc. 11). This action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent James Mullins and against Petitioner Tremong Knight pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute

makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'").  Inasmuch as Knight is bared by the AEDPA statute of limitations, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Knight

should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## **CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a
magistrate judge in a dispositive matter, that is, a
matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
a "Statement of Objection to Magistrate Judge's
Recommendation" within ten days after being served
with a copy of the recommendation, unless a different
time is established by order.  The statement of
objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed de novo and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 3rd day of October, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE